## INACCURATE STATEMENT OF ACCOUNT BECOMES BASIS OF SETTLEMENT.

Circuit Court of Cuyahoga County.

EDWARD B. MILLER v. IRA M. MILLER.

Decided, April 30, 1907.

*Settlement—Method Agreed Upon—Must Stand Though Inaccurate.*

Where two brothers settle their mutual accounts and divide a common fund belonging to them equally in a manner agreed upon and arbitrary, but assumed to be equitable, the settlement must stand, notwithstanding the division was based upon inaccurate mathematical calculations.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff and defendant, who are brothers, having been jointly indebted upon certain notes held by Butchel College, upon which each had made payments from time to time during a period of about eight years, the one, however, having paid much more than the other, and having come into possession of a fund of $22,500 belonging to them equally in December, 1901, agreed to adjust their accounts and divide said fund.

They spent about ten days looking up their vouchers and then met at the house of one of the brothers and were busy almost all night figuring on a basis of settlement. The final figures arrived at they reduced to writing in two copies, both signed by the brothers as "accepted" and one copy was retained by each brother.

These writings show that after the payment of certain other joint indebtedness of the brothers, plaintiff was to have $8,900.06 and defendant $4,037.53, and these amounts were afterwards received by each, after correction of the amount estimated to be due on one item of indebtedness not then paid. Plaintiff, however, now claims that he received considerable less out of said common fund than was really his due and the proof shows such to be the fact, to the extent at least of $357.36. His right to recover that amount, however, or any sum, depends

upon the nature of the agreement of settlement arrived at by the brothers on the night in question. If the brothers concluded to divide the funds in a certain manner which was arbitrary, but assumed by them as equitable, the settlement must stand notwithstanding the manner of division was based upon inaccurate mathematical calculations, unless the papers show upon their face that the money was subsequently divided between the brothers in some other manner than that agreed upon.

If no *manner* of division was agreed upon, then of course the accounts must be corrected and settlement made in accordance with the rights of the parties as they existed previous to the night they met for settlement.

Reviewing the evidence shortly, it seems clear that the brothers agreed that vouchers submitted at the meeting showed that plaintiff had paid the college (with interest) $11,408.09 and that defendant had paid $3,830.81; that there had been also paid the college about $4,000 for which neither had found vouchers, and they agreed that this amount had been paid in the same ratio as the payments for which they had vouchers at hand. Thereupon they agreed that plaintiff had made two-thirds of the payments to the college and the defendant had made one-third of said payments. This ratio was approximately, but not strictly in accord with the figures before them.

It then appeared that the fund of $22,500 on hand belonging to them equally, was more than sufficient to satisfy the amounts paid to the college. Of course the surplus belonged to the brothers in equal parts. They had other unpaid debts which they equally owed and while this surplus was not really sufficient to pay them, they agreed that they would first pay two of said debts, aggregating $7,912.41, before they divided the balance of the fund. In so agreeing defendant got the worse of the bargain, but there was no mistake about it.

Proceeding upon this agreement they deducted said sum of $7,912.41 from $22,500, and divided the remainder into three parts, of which they agreed that plaintiff should have two parts and defendant one. Each subsequently received the amount due him as so agreed.

Taking this view of the evidence, it establishes the proposition that the brothers agreed upon a manner of division of the common fund which, while not strictly in accordance with the rights of the parties, was yet approximately so and was determined upon by them, as fair and equitable. The trial judge concluded that a settlement so made should not be disturbed and with these views we concur.

Judgment affirmed.